**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MILO C. DERIVAL,**

    **Plaintiff,**

v.                                                      **Case No. 8:10-cv-887-T-30TBM**

**HEARTLAND OF BROOKSVILLE,**

    **Defendant.**
                                       /

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Upon review of the Plaintiff's Affidavit of Indigency (Doc. 2), I find that the Plaintiff has failed to provide sufficient evidence to substantiate that he cannot afford to pay the fees associated with his lawsuit. Here, it is unclear from the Affidavit of Indigency

whether Plaintiff is still employed. Although he leaves blank the question of "If unemployed, date of last employment," *see* (Doc. 2 at 2), he alleges in his Complaint that the discriminatory act that forms the basis of his suit is "termination of my employment." *See* (Doc. 1 at 3, ¶ 5c). It is also unclear how much equity he has in his home because the listed estimated value is illegible, i.e., it reads either $210,000 or $217,000. The difference may be determinative. Also, Plaintiff fails to list on the Affidavit of Indigency the total cash in banks or elsewhere, the monies received during the last twelve months, and the monthly obligations with respect to the mortgage payments on his house. Given Plaintiff's representations concerning spousal income and the present value of his automobile ($24,000), the omitted information on the Affidavit of Indigency likely will determine whether he may proceed without prepayment of fees.

Plaintiff's Complaint is also problematic. In his Complaint, Plaintiff alleges claims for national origin discrimination under Title VII and the Florida Civil Rights Act based on his termination from employment. *See* (Doc. 1 at 2-4). However, he alleges no facts in support of his claim aside from attaching his charge of discrimination to his Complaint. The charging document reveals that Plaintiff's claim of discrimination is based on his national origin, Haitian (specifically, a Haitian accent), but does not allege termination as a discriminatory act. (Doc. 1 at 7). Rather, Plaintiff alleged in that document that the discrimination took place on December 5, 2008, and was continuing. *Id.*

Accordingly, it is RECOMMENDED that the court DENY without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) and direct Plaintiff to submit an amended Affidavit of Indigency that fully and legibly sets forth his responses to all

questions on the Affidavit of Indigency form. It is RECOMMENDED further that the court direct Plaintiff to submit an Amended Complaint that includes "a short and plain statement of the claim showing that [he] is entitled to relief" in compliance with Rule 8 of the Federal Rules of Civil Procedure.

> Respectfully submitted on this
> 18th day of May 2010.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff